(No. 12785.—Judgment affirmed.)

EDWARD NAVRATEL, Plaintiff in Error, *vs.* THE CURTIS DOOR AND SASH COMPANY, Defendant in Error.

*Opinion filed December 17, 1919.*

1. APPEALS AND ERRORS—*Appellate Court's finding of facts is binding on Supreme Court.* The Appellate Court, in reviewing the judgments of trial courts, has power to consider the evidence and base its judgment on its own view of the facts, and if it reverses a judgment as a result of finding the facts differently from the trial court its recital of the ultimate facts found by it is conclusive on the Supreme Court, in which case the latter court can review only the question whether the Appellate Court erred in applying the law to the facts.

2. SAME—*ultimate fact in the case is a question of fact although there is no conflict in the testimony.* Wherever an issue is made by the pleadings and evidence must be introduced to maintain an issue controverted questions of fact are involved in the case, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon and embodied in a stipulation of facts. (*Russo* v. *Ginocchio,* 288 Ill. 470, distinguished.)

3. SAME—*finding of Appellate Court on mixed question of law and fact is conclusive on the Supreme Court.* Where the ultimate facts in a case involve a conclusion derived from a consideration of evidentiary facts and require the application of principles of law to the consideration of the evidence they become mixed questions of law and fact, and as to such questions the findings of the Appellate Court are conclusive and not subject to review in the Supreme Court.

4. NEGLIGENCE—*what is an ultimate fact in a case.* In an action for an injury received through being struck by a motor truck, in which the defendant pleads that it did not possess, operate or control the truck, the burden is on the plaintiff to prove as an ultimate fact in the case that the defendant did possess, operate or control the truck, and a finding by the Appellate Court that the defendant did not operate or manage the truck is conclusive.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

Daniel L. Madden, and Roy C. Merrick, for plaintiff in error.

King, Brower & Hurlbut, for defendant in error.

Mr. Chief Justice Dunn delivered the opinion of the court:

Edward Navratel brought an action in the superior court of Cook county against the Curtis Door and Sash Company for injuries received through being struck by a motor truck of defendant and recovered a judgment for $2500. The Appellate Court reversed the judgment with the finding of fact "that the defendant did not operate or manage the auto truck in question at the time of the accident and injury to plaintiff." On the petition of the plaintiff a writ of *certiorari* was awarded to bring the record to this court.

Plaintiff in error, a child five years old, was injured on a street in the city of Chicago by a motor truck belonging to the defendant in error and driven by its employee, Joseph DeWitt. Each count of the declaration charged that the defendant in error was in possession, operation and control of an automobile or auto truck, and this allegation was specifically denied by special pleas. DeWitt had made a delivery of merchandise for his employer and on his return had deviated from the direct route to his employer's warehouse in order to deliver a private message of his own to his wife. It was after he had delivered his message and started to return to the warehouse that the accident occurred.

The Appellate Court in reviewing the judgments of trial courts has power to consider the evidence and base its judgment on its own view of the facts. If it reverses a judgment as a result of finding the facts differently from the trial court its recital of the ultimate facts found by it is conclusive on this court, and in such case the only question we can review is whether the Appellate Court erred in applying the law to the facts. The plaintiff in error in-

sists that the Appellate Court's judgment was rendered upon the law and not the facts; that the facts controlling the question of the liability of the defendant in error were not in dispute, and there was no controverted question of fact as to which the Appellate Court was authorized to make a finding. Wherever an issue is made by the pleadings and evidence must be introduced to maintain the issue, controverted questions of fact are involved in the case which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon and embodied in a stipulation of facts. *American Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 Ill. 547; *Louisville, New Albany and Chicago Railway Co.* v. *Red,* 154 id. 95; *Bolton* v. *Johnston,* 163 id. 234; *First Nat. Bank* v. *Bank of Whittier,* 221 id. 319.

The defendant in error's plea that it did not possess, operate or control the truck raised an issue of fact toward which the evidence in the case was directed. The burden of proof was on the plaintiff in error. The jury found in his favor and the circuit judge approved their verdict. It was an essential element of that verdict that the jury found that the defendant in error did possess, operate or control the truck. That was an ultimate fact in the case, without which the plaintiff in error could not recover. The question whether it was proved or not was a question of fact on which the trial court found one way and the Appellate Court found differently. There were other questions of ultimate fact, such as whether the plaintiff in error was actually injured, as alleged, by the truck, and whether there was negligence in driving the truck. Each of these questions may involve a conclusion derived from the consideration of other evidentiary facts, and they may require the application of principles of law to the consideration of the evidence. They then become mixed questions of law and fact, and as to such questions the findings of the Appellate Court are conclusive and not subject to review.

*Roemheld* v. *City of Chicago*, 231 Ill. 467; *McGovney* v.
*Village of Melrose Park*, 241 id. 142.

The Appellate Court having found the ultimate fact as
to the operation and management of the auto truck differ-
ently from the trial court and recited such finding in its
final order this court does not examine the evidentiary facts
to determine whether they sustain the finding and is with-
out power to do so.   The legislature has made the finding
of the Appellate Court final and prohibited the allowance
of any assignment of error calling in question the determi-
nation of that court upon the controverted question of fact.

There was no departure in the case of *Russo* v. *Ginoc-
chio*, 288 Ill. 470, from the rule that when an issue is made
by the pleadings and evidence must be introduced to main-
tain the issue controverted questions of fact are involved,
and that when the ultimate fact is found differently from
the trial court and such finding is recited in the final order
of the Appellate Court, this court is without power to ex-
amine the evidentiary facts to determine whether or not
they sustain the finding.   In that case the finding was that
"there was no contract entered into between the parties."
The contract, if any, was written, and the question whether
there was a contract did not depend upon any question of
fact but upon the construction of the written instruments.
The construction of written instruments is a question of
law, and this court is not bound by the Appellate Court's
conclusion as to such construction.   The language in the
*Ginocchio case* must be considered in relation to the rec-
ord in that case, which presented only a question of law.
The trial court construed the correspondence of the par-
ties to be a contract.   The Appellate Court construed the
same correspondence not to be a contract, and while it in-
cluded in its final order a statement in the form of a find-
ing of fact, such statement was merely the statement of
its construction of the written correspondence.   We stated
that under such circumstances the question was one of cor-

rect application of the law to the undisputed facts, and the circumstances were that the only question was the construction of undisputed written instruments. The decision of that case was right, but the statement that this court has jurisdiction to review questions of law on writ of error to the Appellate Court, even though that court makes a finding of facts, where such facts are not disputed, was not intended to extend our jurisdiction to review the findings of fact of the Appellate Court beyond its previous limitations.

Since the Appellate Court found that the defendant in error did not operate or manage the truck at the time of the accident, the judgment of reversal necessarily followed and must be affirmed.

*Judgment affirmed.*