(No. 24433.—■■■■■■■■■■)
MARY EBBERT, Appellant, *vs.* THE METROPOLITAN LIFE
INSURANCE COMPANY, Appellee.

*Opinion filed June 15, 1938—Rehearing denied October 5, 1938.*

HAAS & LEFFMANN, (HARRY L. MITCHELL, and FRANK-
LIN J. STRANSKY, of counsel,) for appellant.

HOYNE, O'CONNOR & RUBINKAM, (NATHANIEL RUBIN-
KAM, and WILLIAM S. ALLEN, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Harry J. Ebbert died during the course of an operation
for the removal of his tonsils. The death occurred shortly
after they had been removed while he was still under the
influence of the anesthetic. He held two life insurance
policies issued to him, each of which contains a clause pro-

viding that an additional amount of insurance will be paid the beneficiary in case death was the result "directly and independently of all other causes, of bodily injuries sustained through external, violent and accidental means," and in case death should not be "caused by, or contributed to, directly or indirectly, or wholly or partially, by disease, or bodily or mental infirmity." Death claims for the face amounts of both policies were paid, but the insurance company refused to pay the additional indemnities for accidental death. This suit was brought to recover the amount claimed under such additional indemnity provisions. The cause was heard before a judge in the superior court of Cook county without a jury, and judgment was rendered for the beneficiary, Mary Ebbert, for $8090.56, and costs. On appeal to the Appellate Court for the First District, the judgment was reversed and judgment for defendant entered there for costs. We granted leave to appeal.

The evidence was conflicting as to whether the insured's death was caused by the ether "directly and independently of all other causes," or was caused or contributed to by disease or bodily infirmity. He appeared to his family to be in good health and played golf regularly. His physician pronounced him to be in a fit condition to undergo the operation with its attending dangers. After his death an autopsy was performed, and the coroner's report stated that "marked fatty changes of liver," "moderate hypertrophy of the myocardium," and a "cloudy swelling of myocardium" were found. It further appeared that the "cut surface of the liver" was ninety-five per cent yellow. A hypothetical question embodying all of these elements was asked of expert witnesses for both plaintiff and defendant, and their opinions as to the cause of death are in direct conflict. Dr. Marius Senelick, a witness for plaintiff, testified, in reply to the question, that "my opinion is no other factors except the particular factor of an anesthesia contributed to the death." Dr. Overton Brooks, a witness for defend-

ant, testified that in his opinion the insured "had a chronic condition for years that was brought about by some poisonous substance, or either bacterial poison, germ poison or chemical poison, that has been existing for a long time. And I am of the belief that this pathological condition as shown was the cause of this man's death; and the anesthetic was a contributing cause of his death." Dr. Charles M. Fox was of substantially the same opinion. Dr. Harry C. Harris stated that "it would be hard to say whether the respiration cessation was due to an impaired heart at that time or due to ether anesthesia, which paralyzes the respiratory center of the brain," but he concluded that if the insured had possessed "a heart with potential power enough to keep up his circulation for a reasonable length of time that he would certainly have lived."

Dr. J. G. McNeal, who performed the operation, stated that, from the results of his physical examination of the insured, he was of the opinion the insured "died from respiratory paralysis," and that "he was not suffering from any bodily infirmity that would contribute to his death." Dr. Harry Biggs, the coroner's physician who performed the autopsy, testified for the defendant that in his opinion the death of the insured was caused by two factors—"degenerative changes of the heart muscle" and "surgical shock and anesthesia." In an affidavit obtained by the insured's son prior to the trial and introduced in evidence, Dr. Biggs had made a statement just to the contrary, that "the said autopsy and examination revealed no bodily infirmity thereof likely to cause or contribute to the death of the deceased, directly or indirectly, or wholly or partially."

It is asserted that the Appellate Court had no authority to reverse the judgment of the superior court without remanding the cause, inasmuch as plaintiff had introduced evidence at the trial tending to establish a cause of action. We cannot agree with this contention. Section 92 of the Civil Practice act, (Ill. Rev. Stat. 1937, chap. 110, par. 216,)

in part, provides: "In all appeals the reviewing court may, in its discretion, and on such terms as it deems just * * * (e) draw inferences of fact; (f) give any judgment and make any order which ought to have been given or made," etc. From this language it is clear that the power of a reviewing court to reverse without remanding is not limited to cases in which there is no evidence tending to support the judgment of the trial court, when a jury has been waived. The case of *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343, lends no support to appellant's contention. That case involved section 120 of the Practice act of 1907, which provided that if any final determination of any case, except in chancery, should be made by the Appellate Court as the result of finding the facts concerning the matter in controversy different from the finding of the trial court, it should be the duty of the Appellate Court to recite in its final judgment the facts as found, and the judgment of the Appellate Court should be final and conclusive as to all the facts in controversy. The action was for personal injuries. There was a verdict and judgment in the trial court for plaintiff. The Appellate Court reversed the judgment, finding defendant was not guilty of negligence, and did not remand the cause. The question presented to this court was whether, if this statute were construed to apply to causes tried before a jury and in which the evidence was conflicting, it was invalid as repugnant to the constitutional right of trial by jury. We held that, if the statute were so construed, it would be invalid and that the statute did not apply to such cases. We said: "If the legislature can not authorize the trial court to take a case from the jury where the evidence as to the truth of the facts alleged is conflicting, and render judgment, how can it confer that power on the Appellate Court? * * * In our opinion section 120 of the Practice act was intended only to apply to cases where a jury was waived in the trial court by agreement of the parties, or where tried by a jury the

trial court would have been justified in directing a verdict because the evidence did not tend to establish a cause of action but refused to do so. In such a case the Appellate Court may reverse the judgment with a finding of facts and not remand the case." We adhere to the reasoning of the *Mirich case,* and hold that, when a jury has been waived, the Appellate Court may reverse without remanding, although there is a conflict as to the facts.

The Appellate Court reversed the judgment in the present case on two grounds. The first was, that if the death was caused by the ether wholly and independently of all other causes, this was not a death by "accidental means." The second ground was that other diseases or bodily infirmities had contributed to the death. In the view we take of the case the question of the correctness of the first ground does not arise. Section 92 (3) b. of the Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, par. 216) provides: "Error of fact, in that the judgment, decree or order appealed from is not sustained by the evidence or is against the weight of the evidence, may be brought up for review in any civil case: Provided, that, except as to equitable issues, the Supreme Court shall re-examine cases brought to it by appeal from the Appellate Courts, as to questions of law only." It is appellant's contention that, since the evidence was conflicting, it was the province of the trial · judge to weigh the evidence, and that, by invading that province and reversing the judgment, the Appellate Court committed an error of law. However, this contention can not be sustained in view of the contrary language of section 89 of the Civil Practice act, (Ill. Rev. Stat. 1937, chap. 110, par. 213,) which is a revision of section 120 of the Practice act of 1907. It provides: "If any final determination of any cause or proceeding tried without a jury, except as to equitable issues, shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts, concerning the matter in controversy, different from

the finding of the court from which such cause or proceeding was brought by appeal, it shall be the duty of such Appellate Court to indicate in its opinion or in its final order, judgment or decree, the facts as found; and the statement of such facts by the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause or proceeding," etc.

In *Economy Fuse and Manf. Co.* v. *Standard Electric Manf. Co.* 359 Ill. 504, a similar question was presented. The cause had been tried before a judge of the municipal court of Chicago, a jury trial having been waived. The Appellate Court reversed this judgment, finding the facts to be different than found by the municipal court judge. In affirming the judgment of the Appellate Court we said: "This was a question of fact as to which the finding of the Appellate Court is binding upon this court if there be any evidence in the record tending to support such finding." We announced the same rule in a large number of cases decided under former Practice acts. (*Paine* v. *Sheridan Trust and Savings Bank,* 342 Ill. 342; *City of Chicago* v. *Hagley,* 338 id. 479; *Hadley* v. *Union Trust and Savings Bank,* 308 id. 175; *El Reno Grocery Co.* v. *Stocking,* 293 id. 494; *Stone and Co.* v. *Ferry,* 239 id. 606; *Regan* v. *Washington Construction Co.* 232 id. 500; *Schaller* v. *Independent Brewing Ass'n,* 225 id. 492; *Haley* v. *Prudential Ins. Co.* 189 id. 317; *Huyett & Smith Manf. Co.* v. *Chicago Edison Co.* 167 id. 233.) The finding of fact by the Appellate Court that the insured's death was contributed to by diseases or bodily infirmities is binding on us.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*