(No. 34803.—

CEREAL BYPRODUCTS COMPANY, Appellee, *vs.* ROY HALL *et al.,* Appellants.

*Opinion filed November 26, 1958—Rehearing denied Jan. 22, 1959.*

LORD, BISSELL, & BROOK, of Chicago, (GORDON R. CLOSE, NEWELL S. BOARDMAN, and RICHARD E. MUELLER, of counsel,) for appellants.

NORMAN, ENGELHARDT & ZIMMERMAN, of Chicago, (HAROLD W. NORMAN, and WILLIAM R. ENGELHARDT, of counsel) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

From 1932 through 1949, the defendants, who are certified public accountants, made annual audits of the books of the plaintiff, a corporation that deals in cereal grain byproducts as broker and jobber. In 1949 it was discovered that the plaintiff's bookkeeper, R. C. Zastrow, had embezzled large sums from the plaintiff during the years 1947, 1948, and 1949. Part of the amount lost was recovered by the plaintiff from various sources, and it brought this action against the defendants to recover the balance, $66,333.03.

The complaint alleged that the defendants contracted to audit the plaintiff's books for the year 1947, and that because they were negligent and failed to exercise usual and customary skill in making the audit, Zastrow's embezzlements were not discovered and he was enabled to continue them. The defendants denied that they were negligent in making the audit and alleged that Zastrow's embezzlements were caused by the negligence of the plaintiff. They also asserted certain affirmative defenses.

The case was tried without a jury. The trial court found that the evidence did not establish negligence on the part of the defendants, and entered judgment for them. Upon appeal, the Appellate Court found that the evidence established that the defendants were negligent in conducting the audit and that the plaintiffs were not contributorily negligent, and reversed and remanded. 8 Ill. App.2d 331.

Upon remand the trial court considered and overruled the affirmative defenses and entered judgment for the plaintiff in the sum of $24,265.59. The defendants appealed to the Appellate Court. That court reaffirmed the findings of negligence and freedom from contributory negligence. It held, however, that the trial court had erred in allowing the defendants a certain credit, and reversed and remanded with directions to enter judgment in accordance with the

views expressed in its opinion. (16 Ill. App.2d 79.) The amount of the credit in question was not disputed, so that nothing remained to be determined in the trial court. The judgment of the Appellate Court was therefore final for the purpose of review by this court. (*Morris* v. *Beatty,* 390 Ill. 568.) We allowed leave to appeal.

The Appellate Court passed upon only one of the many specific charges of negligence made by the plaintiff. All of the experts agreed that some confirmation of accounts receivable was necessary in the kind of an audit that the defendants made. During the years 1943 to 1946 the president of the plaintiff, William F. Becker, Jr., had given to the defendants, in the presence of Zastrow, a list of certain accounts receivable which, for various reasons, were not to be confirmed. In 1947 the president did not provide the defendants with such a list. Zastrow, the bookkeeper, did, and the defendants accepted the list that he supplied without inquiring of any corporate officer as to his authority to supply it. Confirmation of the 29 accounts receivable on Zastrow's list was not attempted. At least ten of them were overstated on the corporate books. After stating in detail the circumstances that are here briefly summarized, the Appellate Court found: "Defendants were employed to audit the books kept by and under the direction of Zastrow. Acceptance of a list of accounts not to be confirmed prepared by him without the knowledge of Becker or other officer was inexcusable negligence for which defendants are liable." 8 Ill. App.2d at 336.

The defendants concede that in this case "the finder of fact could find that under the particular circumstances the accountants failed to use reasonable care in making the suggested check * * *." They argue, however, that "Reviewing courts in accountants' liability cases, because of the nature of the subject matter, have consistently held that it is for the trier of the facts to decide the issues of fact and a reviewing court cannot set aside a verdict merely

because they might have reached a different conclusion." And upon this view of the authority of a reviewing court, they take the position that the Appellate Court must have found that negligence existed as a matter of law, regardless of the circumstances of the case.

What this argument overlooks is that a jury trial was waived in this case, and that in such a situation the Appellate Court is authorized by section 89 of the Civil Practice Act to "make findings of fact different from the findings of the trial court." (*Levinson* v. *Spector Motor Service,* 389 Ill. 466, 473.) The relevant portion of section 89 is as follows: "If any final determination of any cause or proceeding tried without a jury, except as to equitable issues, is made by the Appellate Court, as the result wholly or in part of a finding of the facts, concerning the matter in controversy, different from the finding of the trial court the Appellate Court shall indicate in its opinion or in its final order, judgment or decree, the facts as found. The statement of the facts by the Appellate Court shall be final and conclusive as to all matters of fact in controversy in the cause or proceeding." Ill. Rev. Stat. 1957, chap. 110, par. 89.

The authority of the Appellate Court is not affected by the fact that the evidence is conflicting. "It is appellant's contention that, since the evidence was conflicting, it was the province of the trial judge to weigh the evidence, and that, by invading that province and reversing the judgment, the Appellate Court committed an error of law. However, this contention cannot be sustained in view of the contrary language of section 89 of the Civil Practice Act." (*Ebbert* v. *Metropolitan Life Ins. Co.* 369 Ill. 306, 310.) The authority of the Appellate Court extends to findings of ultimate fact, like negligence or contributory negligence, as well as to findings of evidentiary fact. "A finding of ultimate fact, whether drawn alone from evidentiary facts or by the additional application of legal principles, is binding

on this court." (*Paine* v. *Sheridan Trust and Savings Bank*, 342 Ill. 342, 347.) And that authority exists "even though there be no conflict in the testimony or the evidence may be agreed upon and embodied in a stipulation of facts." *Navratel* v. *Curtis Door and Sash Co.* 290 Ill. 526, 528.

The defendants do not challenge the ruling of the Appellate Court that denied them the credit that had been allowed by the trial court. The findings of the Appellate Court as to negligence and contributory negligence are final and conclusive, and its judgment must be affirmed.

*Judgment affirmed.*