**Harold H. Hinkleman, Plaintiff-Appellee, v. Wilma I. Hinkleman, Defendant-Appellant.**

**Gen. No. 52,058.**

First District, Fourth Division.

October 27, 1967.

Campbell, Boughner, Johnson & Gorski, of Chicago (Harry G. Johnson, of counsel), for appellant.

Senese & Martino, of Chicago (Michael J. Martino, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County granting plaintiff, Harold H. Hinkleman, a decree of divorce from defendant, Wilma I. Hinkleman, on the ground of extreme and repeated cruelty.

On November 24, 1964, plaintiff filed his complaint for divorce, alleging extreme and repeated cruelty by defendant on September 15, 1963, October 30, 1963, and November 22, 1964. The complaint further alleged that since November 22, 1964, the plaintiff had lived separate and apart from defendant without any fault on his part.

On December 24, 1964, defendant filed her answer to the complaint, denying the allegations of cruelty, admitting the parties had separated on November 22, 1964, and alleging that plaintiff drank intoxicating liquors to excess and was abusive towards her. On December 13, 1966, the matter was heard as a contested divorce by the trial court without a jury.

The plaintiff and the defendant were married on November 16, 1962, in Chicago, Illinois. No children were born of this marriage or adopted. Plaintiff testified that on December 24, 1962, the defendant, without provocation, slapped him in the face, knocking off his glasses, in the presence of his son and daughter-in-law, Jack and Frieda Hinkleman. Frieda Hinkleman testified that she was present on the occasion and that she saw the defendant slap the plaintiff, and that "his glasses went to the side." Her husband who was present at the time did not testify.

Plaintiff testified that on September 15, 1963, the defendant slapped him in the face when he went to kiss her; that on October 30, 1963, she slapped him in the face. He further testified that on or about November 22, 1964, he left the defendant because she had threatened him with a knife.

48

Esther Mele, a daughter of plaintiff by a previous marriage, testified that from the time of the marriage of plaintiff to defendant up to the time of the separation, the defendant had thwarted all efforts of Mrs. Mele to visit plaintiff at the marital abode. Frieda Hinkleman also testified to the same effect.

At the close of plaintiff's case the court permitted him to amend the pleadings to conform to the proofs by adding the alleged act of cruelty on December 24, 1962. The complaint was further amended as follows: "And again, on November 22, 1964, the Defendant struck him about the face and body with her fists so that he was marked and bruised."

██ There is no evidence in the record that on November 22, 1964, the defendant struck the plaintiff at all. Nothing is said in the amendment about the threats which were testified to by plaintiff at the trial. We can entirely disregard any discussion of the question of condonation on the part of the plaintiff as it has been definitely held that "condonation is an affirmative defense and should not be considered unless specially pleaded." McGaughy v. McGaughy, 410 Ill 596, 600, 102 NE2d 806. In the instant case there was no such pleading.

Defendant urges that the proven acts did not constitute "extreme and repeated cruelty." In Levy v. Levy, 388 Ill 179, 57 NE2d 366, the court said at page 184: "Our statute requires proof of 'extreme and repeated cruelty' and obviously 'slight acts of violence' are not extreme as to a normal person whether husband or wife."

██ No case has been cited to us, nor have we been able to find a case in which acts of cruelty as slight as those testified to in the instant case were held to be sufficient to allow a divorce on the ground of extreme and repeated cruelty. In McKeon v. McKeon, 4 Ill App2d 515, 124 NE2d 564, we indicated that our courts had not held that the conduct in that case amounted to extreme

and repeated cruelty. The evidence there disclosed scratching, hitting in the face on several occasions.

From the evidence in the case before us the judgment of the Circuit Court must be reversed.

Reversed.

ENGLISH, P. J. and DRUCKER, J., concur.