BETTY MASON ODOM, Plaintiff-Appellant, *v.* HERBERT R. ODOM, Defendant-Appellee.

(No. 54735;

First District—August 20, 1971.

Posanski, Krohn & Jacobs, of Chicago, for appellant.

Harry G. Fins, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal from a decree granting a divorce to defendant. On appeal plaintiff's main contention is that there was insufficient evidence for the trial court to find that she committed extreme and repeated acts of physical cruelty against defendant.

Plaintiff originally filed a complaint for divorce; defendant filed a cross-complaint and an amended cross-complaint for divorce and plaintiff filed an amended complaint for separate maintenance.

The evidence of plaintiff in the trial for separate maintenance disclosed that the parties were married on November 24, 1962; that a daughter was born in 1967; that in 1966 plaintiff had filed for separate maintenance charging physical violence in February and March 1966; [1] that defendant

---

[1] According to defendant's cross-complaint, this separate maintenance suit was dropped.

left the home on January 15, 1969, without cause and that the parties lived separate and apart since then. Defendant was called by plaintiff as an adverse witness under section 60 and testified that he started packing to leave home about the 1st of January, 1969, had applied for an apartment on January 6 and that he told her "it would be best to get a divorce under the circumstances we were living." When asked what these circumstances were, he replied, "many acts of violence by my wife or by myself." He described her as five feet three or four inches tall weighing 120 pounds. He was six feet one and one-half inches tall and weighed 154 pounds. He left the apartment on January 14, 1969.

At the conclusion of plaintiff's evidence the court found plaintiff had established a *prima facie* case for separate maintenance. Defendant was granted leave to proceed on his cross-complaint for divorce with the evidence thereunder to stand as his defense to the separate maintenance action.

Defendant testified that plaintiff committed the following acts of cruelty:

1. May 1964—struck defendant with a decanter—no bruise or mark.

2. March 1966—pulled a knife—no injury.

3. July 1966—pulled a gun—bit the defendant.

4. March 1968—after a heated discussion about bills struck defendant's arm with a mirror.

5. August 1968—pointed gun and "something struck him above left eye." (This incident is not alleged in defendant's cross-complaint.)

6. November 6, 1968—struck defendant's left wrist with door knob —no medical treatment.

7. January 14, 1969—After a heated discussion about money, struck defendant with a boot on left elbow; had X-ray a day or two thereafter and took off a day and a half from work. (Defendant's witness, Amanda Norman, testified that about January 27, 1969, defendant was given a heat treatment for a bruise on his arm from a shoe.)

Defendant also testified that while he lived in the home until he moved out on January 15, 1969, he last slept with his wife in August 1968. (As a witness for plaintiff under section 60 in the separate maintenance action defendant first testified that they cohabited until January 1969; later he stated that there was no sexual relations between him and his wife after March 1968.)

Plaintiff testified that sexual relations continued until January 7, 1969, and that she never pointed a gun at defendant, never struck her husband with a mirror, door knob or boot. She also denied the other alleged

incidents. She further testified that in August 1968 defendant pulled his gun and threatened to kill her; that plaintiff's Exhibit 10 represented a carbon copy of a complaint she signed based on this incident; and that she dropped the charges a few days later. (In the separate maintenance trial defendant first testified that he never owned a gun; on being shown a gun registration form he admitted applying for it on June 26, 1968.)

The court granted defendant a divorce on his amended counter-complaint and dismissed plaintiff's amended complaint for separate maintenance with prejudice.

In *Levy v. Levy*, 388 Ill. 179, 184, the court stated: "Our statute requires proof of 'extreme and repeated cruelty' and obviously 'slight acts of violence' are not extreme as to a normal person whether husband or wife." The court then further stated: "It is true that the physical condition of the parties involved must be taken into account and each case considered upon its own facts."

In *McKeon v. McKeon*, 4 Ill.App.2d 515, the court held that hitting, scratching and throwing dishes by the wife were not acts constituting extreme and repeated cruelty. See also *Hinkleman v. Hinkleman*, 88 Ill.App.2d 47.

■ In the instant case plaintiff was five feet three inches tall weighing 120 pounds while defendant was six feet one and one-half inches tall and weighed 154 pounds. He testified that: "I've never struck my wife in anger. I am a fighter and know my wife is no competition for me. I was Golden State Boxing Champion for 3 years, National Boxing Champion, Michigan State College, for 2 years, and AAU Boxing Champion for 2 years." Under all the circumstances of this case we cannot agree with a finding that extreme and repeated cruelty was proven.

We therefore find that the court erred in granting defendant a divorce on his cross-complaint and in dismissing the amended complaint for separate maintenance with prejudice.

■ The judge found at the conclusion of plaintiff's evidence that plaintiff had proved a prima facie case for separate maintenance. Although defendant's evidence on his cross-complaint was to stand as his defense to the separate maintenance action, we find no evidence therein to rebut plaintiff's evidence. Defendant testified that he had decided to move out in August 1968, started moving on January 1, 1969, and applied for his own apartment on January 6, 1969.

The judgment of May 27, 1969, is reversed and the cause remanded with directions to vacate the decree granting the divorce and dismissing the amended complaint for separate maintenance; to enter a decree in

favor of plaintiff for separate maintenance incorporating the provisions of the divorce decree relating to child custody and child support and for further hearings in regard to the amount, if any, for her maintenance and attorney's fees.

Reversed and remanded, with directions.

ENGLISH, P. J., and LORENZ, J., concur.