**Janice R. Rank, Plaintiff-Appellee, v. Joseph E. Rank, Jr., Defendant-Appellant.**

**Gen. No. 68–131.**

Second District.

March 20, 1969.

Rehearing denied April 17, 1969.

William H. Snively, of Rockford, for appellant.

Robert J. Shaw, of Rockford, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

This is an appeal taken from a judgment and decree entered by the Circuit Court of Winnebago County granting a divorce to the plaintiff.

Plaintiff, on September 13, 1966, filed a complaint for divorce charging two acts of physical cruelty by the de-

fendant on July 15, 1965, and June 20, 1966, respectively. The complaint did not allege a separation date and, on September 27, 1966, the defendant filed his answer which admitted certain facts as well as denied certain other facts.

On March 12, 1968, the complaint and answer, as filed, came on to be heard. During the course of the hearing an additional act of physical cruelty alleged to have taken place on March 11, 1967, was raised by the plaintiff. The court over the defendant's objection allowed the plaintiff to amend her complaint on its face and to file a supplemental complaint and further provided that the defendant would be allowed to answer this additional act of cruelty. At the conclusion of the hearing on this date, defendant's counsel requested leave of the court to have his original answer stand as his answer to the supplemental complaint containing the additional act of cruelty. No further pleadings were filed nor was any further objection raised by the defendant concerning this additional act of cruelty.

During direct examination the plaintiff testified that she had last separated from her husband on January 11, 1967, and further acknowledged cohabitation with the defendant up until that date. On cross-examination the plaintiff again stated that she had separated from her husband on January 11, 1967, and at one point, in an obvious maze of questions and answers, responded to the defendant's counsel that she had separated as husband and wife for the first time on "June 11. On January 11th." The defendant himself, on direct examination, confirmed the January 11, 1967, separation date and never indicated cohabitation with the plaintiff on any date thereafter. At another point, while the plaintiff was being cross-examined, she admitted that she used a knife on the defendant ten years prior to the incidents alleged in the complaint. The defendant directly asked and she an-

swered that the knife incident had no bearing upon nor relationship to the events as alleged in the complaint.

The court upon considering the testimony entered judgment for the plaintiff. A decree granting a divorce to the plaintiff was entered on May 28, 1968. From this judgment the defendant appeals.

 The defendant contends that the court erred in granting the plaintiff leave to file the supplement to her complaint during the hearing. The defendant cites as authority for his position section 39 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 39), which states that "supplemental pleadings, setting up matters which arise after the original pleadings are filed, may be filed within a reasonable time by either party by leave of court . . . ." This language gives support to what the trial court did rather than detract from it. The defendant did not cite, nor were we able to find, any authority for his contention in this respect. Clearly, the Civil Practice Act was designed to eliminate formalized rules of common-law pleading and to provide a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense. Skolnick v. Martin, 32 Ill2d 55, 59, 203 NE2d 428 (1964); Federal Savings & Loan Ins. Corp. v. LaSalle Nat. Bank, 78 Ill App2d 408, 410–411, 222 NE2d 533 (1966). Section 39 of the Civil Practice Act should be liberally construed by the courts to affect its general proposition. The extent to which the courts have gone to allow liberality in pleading is illustrated in the case of Kovac v. Kovac, 26 Ill App2d 29, 48–51, 167 NE2d 281 (1960).

 In the present case the court allowed the plaintiff to amend her complaint on its face and also to file a supplemental pleading. We feel that the trial judge clearly had the authority to allow such action under section 39, and also under section 46 of the Civil Practice Act. (Ill Rev Stats 1965, c 110, § 46.) The trial judge has

broad discretion with respect to the allowance of amendment to pleading and this discretion is not abused unless clearly arbitrary and without foundation. This precept of the law has been specifically applied to divorce actions and amendment of pleadings during trial. Varap v. Varap, 76 Ill App2d 402, 222 NE2d 77 (1966). In that case the plaintiff amended her pleadings during the trial to add an additional ground for the divorce. The original complaint had been on file for more than a year at this point in time. The trial court allowed the amendment. It was held on appeal that ". . . Wide discretion is given to the trial court in permitting pleadings to be amended . . . and the court's discretion was not abused in allowing the amendment for desertion," Varap v. Varap, ibid., 411–412. We find no merit to the defendant's contention in this regard.

■ It is also contended that the trial court erred in granting of the divorce because the evidence disclosed that the plaintiff had condoned the defendant's conduct. The defense of condonation, which is an affirmative defense, was not pleaded and therefore would not ordinarily be considered by us. McGaughy v. McGaughy, 410 Ill 596, 600, 102 NE2d 806 (1952) ; Hinkleman v. Hinkleman, 88 Ill App2d 47, 49, 232 NE2d 300 (1967) ; however, on oral argument before this Court, the defendant moved to amend his answer to specially plead condonation. This was allowed.

The defendant bases the condonation on the fact that the plaintiff, while under cross-examination, in response to defendant's question, answered that the date of separation was "June 11. On January 11th." This inadvertence was later corrected on redirect examination. Further, the defendant, on direct examination, testified that the separation took place on January 11, 1967. We are, therefore, at a loss to understand how the defendant can seriously claim condonation as a ground for reversal.

■ The defendant next claims that the defense of recrimination was established and therefore the trial court erred in entering the decree. A simple manner of disposing of this contention would be to hold that since the defendant failed to plead this affirmative defense or even request to amend his pleadings to include this as a defense during oral argument before this Court, we will not consider it. McGaughy v. McGaughy, supra. However, on the merits the defendant cannot prevail. The only basis for this defense is that during cross-examination of the plaintiff the following questions and answers were elicited by the defendant:

Q. "Did you ever use a knife on your husband?"

A. "That's a long story, if I can tell it, I would say yes."

The Court: "Well, you can answer yes or no."

Mr. Roszkowski: "Just answer yes or no; you did?"

A. "Yes."

The Court: "What was the date of that?"

Mr. Roszkowski: Q. "When was that, was that on either of these occasions?"

A. "No."

Q. "It was not?"

A. "That was about ten years ago. That didn't have anything to do with either of the occasions that I have alleged in my Complaint."

■■ The essence of recrimination is "a counter-charge by the defendant of a cause of divorce against the complainant." Duberstein v. Duberstein, 171 Ill 133, 144, 49 NE 316 (1898). The above testimony surely does not establish sufficient evidence to constitute "a countercharge." Moreover, we feel that the grounds and misconduct which form the basis for recrimination would be required to have taken place within a reasonable

344

period of time with reference to the original grounds charged in plaintiff's complaint. In the present case, the ten-year lapse between the alleged recriminatory event and the subsequently filed grounds for divorce are too remote and therefore, recrimination was not established.

Finally, the defendant claims that the finding by the trial court in favor of the plaintiff was against the manifest weight of the evidence. It is within the province of the trial court to make the determination whether there has been sufficient evidence with which to establish either of the parties' contentions. In the instant case the trial court heard the evidence, viewed the witnesses and was in a better position to conclude the issues. This court will not set aside the finding and judgment of a trial court unless the decision reached by such court is against the manifest weight of the evidence. Hoffmann v. Hoffmann, 40 Ill2d 344, 349, 239 NE2d 792 (1968) ; Curran v. Curran, 19 Ill2d 164, 169, 166 NE2d 13 (1960). In this case, it was not.

From a careful consideration of the record we can find no reversible error. The judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.