LORENE NEELAND, Plaintiff-Appellee, *v.* DAVE G. NEELAND, Defendant-Appellant.

(No. 73-96;

Third District—March 11, 1974.

Armen Blanke, of Kankakee, for appellant.

Francis J. Householter, of Kankakee, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Dave G. Neeland, defendant in the above entitled cause, appeals from orders entered by the Circuit Court of Kankakee County which found that defendant was in arrears with respect to certain obligations imposed upon him in such court in a divorce decree between defendant and plaintiff, Lorene Neeland, his former wife.

The orders of the Circuit Court of Kankakee County modified certain provisions of the original decree and also found defendant in contempt for failing to comply with the original decree. The original decree of divorce which was entered on November 8, 1962, approved and confirmed a settlement agreement between the parties. The agreement obligated defendant to pay to plaintiff the sum of $60 per month for each of the two minor children of the parties and "to spend an additional Fifteen Dollars ($15.00) per month for each child, said monies to be spent for clothing and other material things for said children." The custody of the two children was awarded to the mother (plaintiff).

In a petition filed May 22, 1972, plaintiff alleged that defendant was in arrears in the sum of $120, with respect to his $60-per-month child-support payments and that defendant was in arrears in the sum of $2,550 with respect to the $15-per-month child obligation hereinabove referred to. The petition also recited that, as a result of inflation and increased needs of growing children, the current rate of monthly child-support payments was inadequate and should be increased to $140 per month per child; that orthodonture work amounting to $950 per child

was required, and that defendant should be required to pay therefor; that plaintiff was without funds to pay her attorney's fees and that the court should require defendant to pay such fees. The petition also recited that defendant was well able to pay the additional support amounts and that the court should require defendant to show cause why he should not be held in contempt of the court for not complying with the original decree. At the hearing on plaintiff's petition, the parties agreed that defendant was not in arrears with respect to his obligation to pay support in the amount of $60 per month.

Following a hearing at which plaintiff, defendant and the spouse of defendant's remarriage were the principal witnesses, the court found defendant in arrears in the amount of $2,430.02 with respect to his obligation to spend the additional amount of $15 per month per child. The court ordered defendant to pay such amount, together with interest. The court reasoned that plaintiff had to discharge such unpaid obligations which resulted when defendant failed to make such $15 payments for each child. The court, therefore, ordered defendant to pay the sum which was in arrears directly to plaintiff. Although defendant does not challenge the court's determination of the amount of the interest which would be attributed to the principal sum, defendant does challenge both the court's finding of the arrearage and the court's imposition of interest upon such amount.

The court also increased the rate of basic child support to $124.50 per child per month. Defendant challenges this increase on the ground that his personal financial situation had not improved, and that, although the law of Illinois imposes a reasonable, if not an equal, obligation on the mother to support her children, the court imposed the entire burden on defendant. The court in the modified decree also required defendant to pay the sum of $1900 with respect to the children's orthodonture work as well as the sum of $720 for plaintiff's attorney's fees. Defendant abandoned any objection to the orthodonture expenditure in this court, but does challenge the allowance of attorney's fees and the amount of the enhanced support obligations. The court additionally found defendant to be in contempt for not complying with the original decree. Defendant asks that we reverse such finding.

Defendant's testimony was primarily to the effect that although he owned a substantial amount of farm property and was acquiring substantial additional amounts, his obligations, particularly with respect to the property, were substantially greater than they had been when the original decree was entered, and that his net income had not increased commensurate with the increase in support obligations imposed upon him. Defendant also testified that he had not retained records although

he had purchased clothes and other items for the children on many occasions. Plaintiff, on the other hand, testified primarily to the effect that since her remarriage, with two exceptions, defendant had purchased nothing for the children other than Christmas gifts. She stated that defendant had discontinued paying to her the additional $15 per month per child, which, until her remarriage, he had been paying. She stated that defendant refused to pay bills for medical or dental care for the children. She also testified that of the additional expenditure defendant made for the children, much of the money was from a $600 health insurance payment which defendant had received with respect to one child's hospitalization, after insurance provided by plaintiff's new husband had supplied funds for the hospital bill. Plaintiff also testified that she had three additional small children, from her subsequent marriage; that she was not working and was personally without funds. She testified in detail as to the share of regular household expenditures for clothes, food, medical expense and shelter which would be allocated to the defendant's two children. This amount, she testified, without any allowance for entertainment or items of personal hygiene, approximated $280 per month. It was pointed out that the children were 3½ and 1½ years of age when the initial decree was entered and were 13½ and 11½ respectively when she was testifying. It was pointed out that their needs had increased and that they were entering the 8th grade and 5th grade respectively.

■■ It is noted that the testimony of plaintiff and defendant was directly in conflict with respect to the extent to which defendant had met his obligation to spend an additional $15 per month per child. The trial court had the responsibility of resolving this conflict and to determine the credibility of witnesses. The finding of the trial court under such conditions should be approved unless it is found to be contrary to the manifest weight of the evidence. (*Kelleher v. Kelleher*, 67 Ill.App.2d 410, 214 N.E.2d 139, 141.) It is our conclusion that the record fails to show that the trial court's finding in this respect was contrary to the manifest weight of the evidence. We also conclude that, based upon the trial court's finding, it was reasonable of the trial court to determine that the arrearages should be paid directly to the plaintiff for the reason that plaintiff necessarily had expended the sum which would have been covered by the $15-per-month payment. The trial court reasoned that plaintiff had to provide the items which defendant would have provided if he had not neglected to pay.

■■ We have determined that the trial court properly found the amount of arrearages in payments and, since a decree of divorce providing for periodic support payments is a money decree, interest is recoverable

thereon from the due date until satisfied (*Gregory v. Gregory*, 52 Ill.App. 2d 262, 202 N.E.2d 139; *Simpson v. Simpson*, 4 Ill.App.2d 526, 124 N.E. 2d 573, 578).

■■ On the issue of allowance of attorney's fees, the plaintiff's attorney testified as to the reasonableness of such fees. Plaintiff testified she had no means to pay the fees. The court, in its discretion, had the right to allow such fees to the plaintiff to enforce her rights under the divorce decree, particularly where the rights affected the welfare of the children. *Gregory v. Gregory*, 52 Ill.App.2d 262, 202 N.E.2d 139; *Mabbatt v. Mabbatt*, 78 Ill.App.2d 455, 223 N.E.2d 191.

■■ On the issue of whether the trial court properly ordered the modification of the original decree with respect to the child support payments, we have noted the provisions of section 18 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 38, par. 19), wherein it is provided:

> "Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support it may at any time after the entry of a decree for divorce, * * * make such order for * * * the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just, * * *."

While this statutory provision apparently requires only that the modification be "reasonable and just", nevertheless, by virtue of a number of decisions by Illinois courts of review, the courts have determined that modification should be made only when a proponent shows a substantial change in circumstances (*Doran v. Doran*, 7 Ill.App.3d 614, 287 N.E.2d 731, 733). Where a mother seeks increased child support payments, she is said to be required to prove the increased needs of her children and the ability of defendant to pay. (*Grinton v. Grinton*, 131 Ill.App.2d 684, 264 N.E.2d 845, 846.) In the record before us, there is sufficient evidence to justify the finding that, since the entry of the original decree, the needs of defendant's children had increased materially, and that such needs approximated a total of $140 per month per child. The evidence also sustained a finding that defendant was able to pay such increased amount. On the basis of our examination of the record, we conclude that such findings are not contrary to the manifest weight of the evidence.

While we have noted defendant's contention that a mother, if able to do so, should bear a reasonable, if not an equal, portion of the burden of support of the children, we do not believe that the facts in evidence in the cause before us would justify a change in the court's finding that the plaintiff is not able to pay and that the defendant was able to make the payments referred to. Essentially, we believe that the record is such that we would not be justified in modifying the finding of the

trial court that the defendant should make the payments on the basis of increased needs of the children and on the basis of the fact that he is in a position to do so, while the plaintiff is not.

The sole remaining issue is whether the trial court should, on the facts before us, punish defendant for contempt. The trial court order was entered on October 23, 1972, making the findings and ordering the modification referred to. The court also found defendant in contempt for failing to pay the amounts that the original decree obligated him to pay and ordered him to show cause why he should not be punished for contempt. A hearing was had on the rule to show cause and defendant moved the court to stay enforcement of the rule. The court granted the motion on the specific condition that defendant post the prescribed bond within 21 days. The court imposed the $750 fine, without prejudice, however, to defendant's ability to purge himself if he posted the bond and made all of the payments due to plaintiff. On December 13, 1972, at a hearing on defendant's motion to stay enforcement of the rule, testimony was adduced to the effect that defendant had placed in trust the principal of the arrearages as found by the court but not the interest thereon. Plaintiff testified that none of the amount of the arrearage had been paid to her in conformity with the court's order and that she had received none of the monies ordered to be paid for either the orthodonture work or her attorney's fees. The court allowed the fine of $750 to stand so that "defendant will realize that he must comply with the orders of the court".

██ Because of contentions apparently made in good faith as to the $15-per-month payments and certain other issues in the cause, we believe that the ends of justice will be best served to extend the time within which defendant could purge himself of contempt. Such time is, therefore, extended for a period of 21 days following the filing of this opinion. If full compliance is made by defendant with the trial court order on or before the 21st day following the filing of this opinion, then the portion of such order imposing a $750 fine shall be vacated by the trial court, otherwise such order shall remain in full force and effect. See *Storm v. Storm*, 9 Ill.App.3d 1071, 293 N.E.2d 633.

The orders of the Circuit Court of Kankakee County modifying the decree in this cause are affirmed subject to the right of defendant to purge himself of the fine for contempt as hereinabove specifically set forth.

Affirmed with conditional modification.

SCOTT, P. J., and DIXON, J., concur.