THOMAS L. BEAGLEY, President of Local 336, International Brotherhood of Electrical Workers, AFL-CIO, Plaintiff-Appellant, *v.* LILLIAN B. ANDEL *et al.*, Defendants-Appellees.

First District (5th Division) · No. 76-1730

Opinion filed March 23, 1978.

Thomas W. Duda, of Cornfield and Feldman, of Chicago, for appellant.

Edward W. Bergmann and Mary Turner, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order dismissing his complaint and denying his motion for leave to amend. On appeal he contends that (1) the trial court abused its discretion in denying leave to amend the complaint, and (2) the court's dismissal of the complaint on the grounds that plaintiff

lacked the standing and authority to sue was an unconstitutional denial of equal protection and an impairment of contractual rights.

The following facts are pertinent to the disposition of this appeal.

On March 25, 1970, a complaint was filed by plaintiff alleging, *inter alia*, that said organization is an unincorporated association and union; that he as president and business manager of the union brought this action on behalf of the union's members in his representative capacity; that defendants, members of the union, had violated the union's constitution and the decision of its membership by refusing to honor a lawful strike and picket lines; that defendants were therefore tried, found guilty, and assessed fines by the union's executive board; and that they had failed to pay those fines. The complaint prayed that a judgment be entered against each defendant in the amount of his or her unpaid fine, and that the court grant whatever other relief it should deem proper.

Defendants filed a motion to dismiss the action on the ground that plaintiff lacked the standing and capacity to sue, citing *American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712. Plaintiff filed a motion to strike defendants' motion to dismiss, with alternative constitutional arguments to the granting of the motion, and at a subsequent hearing made an oral motion for leave to file an amended complaint to add additional and proper parties. Following that hearing, the trial court denied plaintiff's motion to strike, and ordered that the constitutional arguments contained therein were overruled. Plaintiff's motion for leave to file an amended complaint was also denied, and defendants' motion to dismiss was then sustained. After plaintiff filed a motion to reconsider, defendants filed a response in opposition, a hearing was had, and plaintiff's motion was denied.

OPINION

■■ Plaintiff first contends that the trial court abused its discretion in denying him leave to amend the complaint to add additional parties. Although plaintiff is correct in asserting that section 4 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 4) provides that all sections of the Act, including those relating to the amendment of pleadings and the addition of parties (see Ill. Rev. Stat. 1975, ch. 110, pars. 45(4) and 46(1)), be liberally construed, leave to amend the pleadings prior to the entry of the final judgment is a matter left to the sound discretion of the trial court. A denial of a motion to amend will only be reversed when there has been a manifest abuse of discretion. (*Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10; *Rank v. Rank* (1969), 107 Ill. App. 2d 339, 246 N.E.2d 12.) The trial court dismissed this suit under the authority of *American Federation of Technical Engineers, Local 144 v. La Jeunesse*

(1976), 63 Ill. 2d 263, 347 N.E.2d 712, in which, as in this case, a suit was brought by the president and representative of a union and voluntary unincorporated association seeking to recover unpaid fines which had been levied against several union members.

■■ In *La Jeunesse*, the Illinois Supreme Court reaffirmed the common law rule that an action at law could not be brought by an unincorporated association or one of its executive officers in a representative capacity, but rather that all of the unincorporated association's members had to be joined in order for the court to acquire the jurisdiction to award money damages or other legal relief. (*American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712. See also *Payne v. Collier* (1976), 38 Ill. App. 3d 201, 347 N.E.2d 863.) Plaintiff argues that since he brought this suit not only in his representative capacity as president of the union, but also as an individual union member, his motion for leave to amend to add other union members should have been allowed. We disagree. In dismissing the action, the trial court stated that it had specifically examined the complaint and correctly found that plaintiff was suing in his representative capacity as president of the union, and not as an individual member thereof. Further, although it was not raised in *La Jeunesse*, it is implicit in that opinion that a union or its representative officer cannot avoid the dismissal which results from their lack of standing and capacity to sue simply by moving for leave to amend the complaint to bring in the members of the association and thereby create a proper plaintiff. The denial of plaintiff's motion for leave to amend was therefore clearly within the sound discretion of the trial court.

Plaintiff nevertheless argues that leave to amend the complaint should have been granted, and cites *Flannery v. People* (1906), 225 Ill. 62, 80 N.E. 60, as controlling precedent. In *Flannery*, appellants were found to be in contempt for violating an injunction, and on appeal the supreme court rejected their argument that because the suit for the injunction was brought in the name of a voluntary association, there was no proper party complainant before the court, the amendment adding as plaintiffs the members of the association could not have been properly made, and that the trial court had therefore lacked the jurisdiction to issue the injunction. Plaintiff in this case argues that an amendment to the complaint should have been allowed, as it was in *Flannery*, so that the defect in the complaint could have been cured by the addition of the union members. This argument is not persuasive, however, and plaintiff's reliance on *Flannery* is misplaced. In that case, although the action was filed in the name of an unincorporated association, that filing only occurred after all members of the association had affixed their signatures and seals to a statement attached to the complaint, consenting to the action, requesting

that it be brought, and thereby indicating their submission to any of the court's orders. Our supreme court, therefore, found that the defect alleged by appellants "was of form, and not of substance," and was properly cured by the amendment which added the members of the association as complainants. (*Flannery v. People* (1906), 225 Ill. 62, 66-67, 80 N.E. 60, 62.) In the instant case, the defect was not merely one of form, since the sole complainant was Thomas L. Beagley suing in his representative capacity for the union, and there was no indication whatsoever that all of the members of the union had requested or consented to the suit. Therefore, as we previously indicated, the action was properly dismissed and leave to amend was properly refused by the trial court.

■■ Finally, plaintiff contends that the dismissal of his action under the common law rule, reaffirmed in *La Jeunesse,* that a union or its representative officer lacks the standing and authority to bring an action at law in a representative capacity is unconstitutional. He specifically argues that this ruling is a denial of equal protection of the laws in that it discriminates against unincorporated associations wishing to sue at law, and is also an impairment of the contractual rights of an association which seeks to collect the fines that it is contractually allowed to impose upon its members. Through these arguments, plaintiff seeks to attack the constitutionality of the ruling in *La Jeunesse* which, as we have indicated above, was properly applied by the trial court in this case. It is fundamental that appellate courts are without authority to overrule the supreme court or to modify its decisions. (*Anderson v. Anderson* (1976), 42 Ill. App. 3d 781, 356 N.E.2d 788; *Union Starch & Refining Co. v. Department of Labor* (1972), 8 Ill. App. 3d 406, 289 N.E.2d 692.) This principle along with our finding that the decision in *La Jeunesse* was properly applied by the trial court is therefore dispositive of plaintiff's constitutional arguments and of this appeal. As the supreme court noted in its opinion, changes in the common law rule which plaintiff attacks should come through legislative action. *American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 266, 347 N.E.2d 712, 714.

Based on the foregoing, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.