MARY LUCAS *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS INSURANCE GUARANTY FUND, Defendant-Appellee.

First District (5th Division)    No. 78-29

Opinion filed December 15, 1978.

Block, Levy & Becker, Chartered, of Chicago (Edward A. Scott, III, of counsel), for appellants.

Lord, Bissell & Brook, of Chicago (Don W. Fowler and Hugh C. Griffin, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from an order denying their petition for the recovery of post-judgment interest from defendant. On appeal, they contend that this order is erroneous and should be reversed.

The following facts are pertinent to the disposition of this appeal.

Plaintiffs were injured, in separate accidents, while riding in automobiles which collided with taxicabs insured by LaSalle National Insurance Company (LaSalle). LaSalle's liability under its insurance policy with the cab company was $20,000 at the time of Lucas' accident and $25,000 at the time of Mastandrea's. Lucas and Mastandrea both recovered judgments against the cab company for $390,000 and $45,000, respectively. LaSalle had meanwhile been adjudged to be insolvent. Plaintiffs each received $10,000 under the uninsured motorist provisions of their own policies. They also brought a declaratory judgment action to determine the application and effect of the Illinois Insurance Guaranty Fund act (Ill. Rev. Stat. 1977, ch. 73, par. 1065.82 *et seq.*) on any further compensatory recovery. The circuit court entered a judgment awarding Lucas and Mastandrea $9,900 and $15,900, respectively, which amounts represented the liability limits of the insurance policies issued by LaSalle, minus the $100 deductible and the $10,000 plaintiffs each recovered from their own carriers. This court affirmed that judgment on appeal. (*Lucas v. Illinois Insurance Guaranty Fund* (1977), 52 Ill. App. 3d 237, 367 N.E.2d 469.) Subsequently, on October 3, 1977, plaintiffs filed their petition in the circuit court. They alleged that defendant had not yet tendered payment of the awarded amounts, and therefore, under section 3 of the Interest Act (Ill. Rev. Stat. 1977, ch. 74, par. 3), they were entitled to interest on those awards at a daily rate of 6% per annum. The court found that defendant was not obligated to pay interest on the awards and denied plaintiffs' petition. They subsequently filed a timely notice of appeal.

OPINION

On appeal, plaintiffs contend that under the plain terms of section 3 of the Interest Act (Ill. Rev. Stat. 1977, ch. 74, par. 3) the trial court's decision denying their petition for interest is erroneous. Section 3 provides that:

> "Judgments recovered before any court shall draw interest at the rate of 8% per annum from the date of the same until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, or a school district or community college district. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. However, the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, or other steps to reverse, vacate or modify the judgment."

Defendant nevertheless argues that it is not obligated to pay any interest on the judgment recovered by plaintiffs in this case. In support of this argument, defendant points out that under section 534.3(b)(i) of the Insurance Guaranty Fund act (Ill. Rev. Stat. 1977, ch. 73, par. 1065.84—3(b)(i)), those claims which are covered by the act for payment by the Fund do not include "any amount in excess of the applicable limits of liability provided by an insurance policy to which this Article applies." Defendant further cites section 537.2 of the same act (Ill. Rev. Stat. 1977, ch. 73, par. 1065.87—2), which provides in pertinent part that "[i]n no event shall the Fund be obligated to a policyholder or claimant in an amount in excess of the face amount of the policy from which the claim arises." Defendant therefore concludes that the trial court's order was correct because, in light of the total amounts that plaintiffs have collected, any award of interest would improperly obligate defendant to make a payment in excess of the face amounts and liability limitations of the LaSalle insurance policies.

■■■ We reject this argument. The language of section 3 of the Interest Act, as this court has previously noted, "is positive and self-executing. The trial court is without authority or discretion to limit the interest which thereby accrues upon a judgment." (*People ex rel. Holland v. Halprin* (1975), 30 Ill. App. 3d 254, 256, 332 N.E.2d 501, 502.) There is no provision in either the Interest Act or the Insurance Guaranty Fund act which specifically limits section 3's self-executing provisions or exempts judgments to be paid by defendant from the normal interest

requirements. Although defendant emphasizes that its liability is statutorily limited, we note that section 3 of the Interest Act has been held to apply to awards of the Industrial Commission, which are also controlled by statute. (See Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*; see also *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, 276 N.E.2d 342.) Moreover, the judgment for plaintiffs entered by the trial court in this case fully complied with the liability limitations of the Insurance Guaranty Fund act which have been cited by defendant. Neither of the awards adjudged to be due to plaintiffs violated section 537.2 of that act (Ill. Rev. Stat. 1977, ch. 73, par. 1065.87—2), as neither award obligated defendant to pay any amount in excess of the face amount of the policies from which plaintiffs' claims arose. After entry of the judgment, under the clear terms of section 3 of the Interest Act, defendant could have prevented time accrual of any interest simply by tendering payment of the awarded amounts which, by the judgment and its own admission, it owes to plaintiffs. However, defendant chose to withhold all payment, and it is only that decision which now, under the clear directives of section 3, obligates it to pay interest. The obvious equity of this conclusion, in addition to the fact that it is statutorily mandated, was well explained in *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 202 N.E.2d 512. Our supreme court held therein that even a plaintiff who pursued an unsuccessful appeal was entitled to interest on the judgment. After noting the long recognized right of a judgment debtor to pay the judgment and, without waiving his right to appeal, prevent the accrual of costs and interest (31 Ill. 2d 518, 523-24, 202 N.E.2d 512, 514-15, reviewing *Richeson v. Ryan* (1852), 14 Ill. 74), our supreme court cited section 3 of the Interest Act and concluded that:

> "The accrual of interest upon the judgment, regardless of by whom appealed, is only an extension to its logical terminus of the 'make the plaintiff whole' philosophy. This result works no hardship on the judgment debtor because the interest accrues only if and during such time as he fails to make a valid tender. A tender, within the legal meaning of the word, once made, stops the accrual of interest *instanter*. If the judgment debtor makes no tender, he benefits from the use of the money which by his failure to appeal he concedes is due the plaintiff. Thus, he still has the clear cut choice which he always had." (31 Ill. 2d 518, 525, 202 N.E.2d 512, 515-16.)

This reasoning is cogent and convincing when applied to the instant case. We therefore conclude that plaintiffs are entitled to payment by defendant of the statutory rate of interest which accrued on the judgment pending appeal.

Based on the foregoing, the judgment of the circuit court is reversed,

and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MEJDA and WILSON, JJ., concur.