*In re* MARRIAGE OF ROBERT J. MORRIS, Petitioner-Appellee, and BEVERLY R. MORRIS, Respondent-Appellant.

First District (1st Division)   No. 1—87—2871

Opinion filed October 30, 1989.

QUINLAN, J., dissenting.

William J. Harte, Ltd., of Chicago (William J. Harte, of counsel), for appellant.

Grant & Grant, of Chicago (Burton F. Grant, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

The marriage of Beverly and Robert Morris was dissolved pursuant to a judgment of dissolution of marriage entered April 17, 1984. An oral property settlement agreement was incorporated into that agreement by a supplemental judgment entered July 24, 1984, the terms of which were to apply retroactively to April 10, 1984. Beverly appealed from these judgments, and this court issued its opinion affirming the circuit court on July 7, 1986.[1] On May 5, 1987, Beverly filed a "Petition for Turnover Order, Determination of Interest on Judgment and Other Necessary Relief." The circuit court denied Beverly's request for interest, and she now appeals from that denial. In issue is whether an award of interest on a supplemental judgment is mandatory or discretionary. For the reasons set forth below, we find that the circuit court erred in denying Beverly's petition for interest and reverse and remand.

The July, 24, 1984, supplemental judgment, which incorporated the oral property settlement agreement into the April 17, 1984, divorce decree, provides in pertinent part, as follows:

"1.01 *** During the first year only, Husband shall pay the Wife's additional maintenance only in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000)."

The judgment further requires Robert to pay the following:

"2.04 Further Property Settlement

Husband shall pay ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($125,000) to Wife as and for a further property settlement herein, same to be considered nontaxable to Wife and nondeductible for tax purposes to Husband. The payments of said property settlement will be as follows, without interest:

---

[1]Beverly filed a motion to vacate the judgment of dissolution of marriage incorporating the oral property settlement agreement, alleging that the settlement was unfair and obtained through coercion. The motion was denied and Beverly appealed to this court, where we upheld the validity of the settlement agreement in *In re Marriage of Morris* (1986), 147 Ill. App. 3d 380, 497 N.E.2d 1173.

(a) $50,000 on or before October 10, 1984
(b) $50,000 on or before October 10, 1985
(c) $25,000 on or before October 10, 1986."

Based upon this supplemental judgment, Beverly's 1987 "Petition for Turnover Order, Determination of Interest on Judgment and Other Necessary Relief" requested that the circuit court compel Robert to pay the accrued interest on the $100,000 additional maintenance due her under paragraph 1.01 of the supplemental judgment from July 24, 1985, to and including April 10, 1987, and the accrued interest on the aggregate sum property settlement of $125,000 due her under section 2.04, from the dates each of the amounts became due.[2]

In response to Beverly's petition, Robert denied that he had failed to tender payment, maintaining that he had offered to pay the amounts set forth in the supplemental judgment during the pendency of the appeal of that judgment. Correspondence between the parties and their attorneys was submitted as evidence of these purported offers. Robert also argued that Beverly was equitably estopped from asserting her claim for interest by virtue of the provisions found within an agreed order, executed by the parties in October 1984, which set forth an arrangement for *pendente lite* relief and a supersedeas agreement.

After hearing argument from counsel, the circuit court denied Beverly's request for interest on the basis that section 2—1303 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303), which provides for the inclusion of interest "[w]hen judgment is entered upon any award, report or verdict," is inapplicable because the payments in question were not "reduced to judgment."

Beverly's sole contention on appeal is that the circuit court erred in refusing to award interest on the payments due her under the supplemental judgment. We agree.

■ Initially, we must determine whether the supplemental judgment is a final judgment within the meaning of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 413(a)). Section 413(a) provides:

"A judgment of dissolution of marriage or of legal separation or of declaration of invalidity of marriage is final when entered, subject to the right of appeal. *** An order directing payment

---

[2]The $100,000 additional maintenance was paid on April 10, 1987, and the $125,000 aggregate sum property settlement was ultimately paid sometime after August 26, 1987, the date in which the circuit court ordered Robert to make the payments under section 2.04 of the supplemental judgment.

of money for support or maintenance of the spouse or the minor child or children shall not be suspended or the enforcement thereof stayed pending the appeal." (Ill. Rev. Stat. 1987, ch. 40, par. 413(a).)

We find that section 413(a) applies with equal force to both the judgment of dissolution and the supplemental judgment, containing the property settlement agreement between the parties. (See *In re Marriage of Cannon* (1986), 112 Ill. 2d 552, 556, 494 N.E.2d 490, 492; *In re Marriage of Lawrence* (1986), 146 Ill. App. 3d 307, 310, 496 N.E.2d 538, 541.) Therefore, the additional maintenance of $100,000 due under section 1.01 and the aggregate sum property settlement of $125,000 due under section 2.04 were "reduced to judgment" on the entry date of the supplemental judgment, July 24, 1984, and became immediately enforceable at that time. See *Cannon*, 112 Ill. 2d at 556, 494 N.E.2d at 492; *Lawrence*, 146 Ill. App. 3d at 310, 496 N.E.2d at 540-41.

■ Because the sums due under the supplemental judgment are final judgments as set forth above, we find that interest attaches to these amounts as if it were any other final judgment. Section 2—1303 of the Code provides, in pertinent part:

"Judgments recovered in any court *shall* draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict, interest *shall* be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303.)

The language of section 2—1303 has been held to be mandatory because it states that "[j]udgments *** *shall* draw interest" and refers to judgments recovered before any court and judgments entered upon any award, report or verdict. (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303.) Reviewing courts have held that this language is positive and self-executing (*Lucas v. Illinois Insurance Guaranty Fund* (1978), 67 Ill. App. 3d 398, 400, 384 N.E.2d 938, 939) and that the accrual of interest cannot be limited (*In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 640, 494 N.E.2d 541, 550).

The supreme court in *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12, however, while noting a split of authority on the general

issue of whether allowance of interest on a judgment in a divorce proceeding is mandatory or discretionary (compare *Sutton v. Leib* (7th Cir. 1952), 199 F.2d 163; *Matzen v. Matzen* (1979), 69 Ill. App. 3d 69, 387 N.E.2d 14; *In re Estate of Neirinck* (1978), 62 Ill. App. 3d 189, 379 N.E.2d 356; *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 309 N.E.2d 632 (cases holding the allowance of interest to be discretionary), with *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571; *Neeland v. Neeland* (1974), 17 Ill. App. 3d 803, 308 N.E.2d 651; *Gregory v. Gregory* (1964), 52 Ill. App. 2d 262, 202 N.E.2d 139; *Shuff v. Fulte* (1951), 344 Ill. App. 157, 100 N.E.2d 502; *Wadler v. Wadler* (1945), 325 Ill. App. 83, 59 N.E.2d 505 (cases holding the award of interest to be mandatory)), held that the allowance of interest on child support arrearages is not mandatory, but within the sound discretion of the circuit court.

We find that *Finley* is inapposite to the case at bar. In *Finley*, plaintiff was awarded interest on past-due periodic child support payments of which she had been deprived for a period in excess of 10 years. In determining whether to award interest to plaintiff on these sums, the court reasoned that since "a divorce proceeding partakes so much of the nature of a chancery proceeding *** it must be governed to a great extent by the rules that are applicable thereto." (*Finley*, 81 Ill. 2d at 332, 410 N.E.2d at 19.) The court further stated, "[i]n a chancery proceeding, the allowance of interest lies within the sound discretion of the trial judge and is allowed where warranted by equitable considerations and is disallowed if such an award would not comport with justice and equity." *Finley*, 81 Ill. 2d at 332, 410 N.E.2d at 19.

We narrowly construe *Finley* as applying only to those cases involving past-due periodic child support payments. The supreme court, apparently for humanitarian reasons, carved out an exception to the interest statute by making it discretionary whether to award interest on past-due periodic child support payments. We find that its holding is not reasonably applicable to our facts, as the basis for the equitable consideration in *Finley* is wholly absent here.

The case at bar involves a division of marital property pursuant to an agreement between the parties, incorporated into the judgment of dissolution by a supplemental judgment. We see no just reason to expand the *Finley* exception to include judgments, such as the supplemental judgment presented here, which are certain, final and self-executing. To allow family law courts discretion concerning whether to award interest on final judgments would not only provoke litigation, but would further burden an already overburdened family court system.

■ With regard to Robert's affirmative defenses in response to Beverly's petition for interest, which he again raises here on appeal, we find that they lack merit.

Robert first asserts that he offered to pay Beverly the sum of $100,000, but she refused to accept payment. To the contrary, the record demonstrates that Beverly offered to accept payment of this sum, but Robert never tendered payment because his tax consultants informed him that there was "little, if any, financial benefit" under the agreement. Robert also contends that the parties signed an "Agreed Order," in which Beverly would receive certain maintenance payments during the pendency of her appeal, in lieu of the payments ordered by the supplemental judgment. Under section 413(a) of the Act, however, maintenance payments cannot be "suspended or the enforcement thereof stayed pending [an] appeal." (Ill. Rev. Stat. 1987, ch. 40, par. 413(a).) Finally, Robert argues that Beverly, through her attorney, filed a responsive pleading admitting that she and Robert entered into a supersedeas agreement, which suspended the effect of the supplemental judgment. We find that the purported supersedeas is nebulous at best and could not have supported the circuit court's determination to deny Beverly interest.

■ As to the correct computation of interest to be awarded here, we hold that interest at the legal rate of 9% (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303) accrues beginning with the date that the payments became due under the supplemental judgment. (See *Finley*, 81 Ill. 2d 317, 410 N.E.2d 12; *Pope v. Pope* (1954), 2 Ill. 2d 152, 117 N.E.2d 65; *Dunn v. Thompson* (1988), 174 Ill. App. 3d 944, 529 N.E.2d 297.) Interest will not attach for the period between the entry date of the supplemental judgment and the date the money judgments became due.

Accordingly, we reverse and remand this cause to the circuit court to recompute the award of interest on the past-due amounts set forth in the supplemental judgment, consistent with this opinion.

Reversed and remanded with directions.

O'CONNOR, J., concurs.

JUSTICE QUINLAN, dissenting:

I respectfully dissent from the majority's decision that an award of interest, pursuant to section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303), on the supplemental judgment entered by the trial court here was mandatory. I believe,

contrary to the majority, that this determination, *i.e.*, whether interest on the supplementary judgment is mandatory, is controlled by our supreme court's decision in *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.

The majority here does recognize that the supreme court in *Finley* specifically held "that a divorce proceeding partakes so much of the nature of a chancery proceeding that it must be governed to a great extent by the rules that are applicable thereto" and that, accordingly, "the allowance of interest lies within the sound discretion of the trial judge and is allowed where warranted by equitable considerations and is disallowed if such an award would not comport with justice and equity. [Citations.]" (*Finley*, 81 Ill. 2d at 332, 410 N.E.2d at 19.) However, the majority dismisses *Finley* here simply by construing *Finley* narrowly, to apply "only to those cases involving past-due periodic *** payments" (190 Ill. App. 3d at 297) since, as the majority observes, the supreme court must have merely "carved out an exception to the interest statute *** [for] past-due periodic child support payments [on a humanitarian basis]." 190 Ill. App. 3d at 297.

Initially, I reject this construction of *Finley* by the majority because I do not believe it is the prerogative of the appellate court to limit a supreme court's decision to its particular facts merely because it does not find that court's ruling particularly compelling. Rather, we, as an intermediate court of review, are required to apply such precedent to all those situations where the ruling is reasonably applicable. Additionally, in any event, here there is nothing in the supreme court's opinion to give any support to the majority's gratuitous conclusion that the court was merely carving out an exception to the interest statute, for humanitarian reasons, in the case of past-due child support payments. In fact, to the contrary, the supreme court specifically found that section 2—1303 did not apply at all to divorce proceedings since divorce proceedings were in the nature of a chancery proceeding and not similar to actions at law. *Finley*, 81 Ill. 2d at 332, 410 N.E.2d at 19.

Of course, it is also not the function of an intermediate appellate court, such as ours, to alter the law as pronounced by our State supreme court. As the supreme court noted in *Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 551, 457 N.E.2d 1, 3:

> "[T]he nature of our court system requires that law established by this court's decision be followed when the question decided arises again before a court. If precedent is not judicially respected, the uniformity and stability of decision, which is essential to the proper administration of justice, will be destroyed.

The appellate court panel [here] usurped the function of this court, \*\*\* and created a conflict in appellate court decisions. \*\*\* [In *Beagley v. Andel* (1978), 58 Ill. App. 3d 588, 591, 374 N.E.2d 929, 932] the appellate court properly observed: 'It is fundamental that appellate courts are without authority to overrule the supreme court or to modify its decisions.' "

We are, thus, in my opinion, without any authority to restrict our supreme court's decision in the *Finley* case solely to cases of past-due child support payments involving humanitarian considerations.[3] See *Robinson v. Robinson* (1986), 140 Ill. App. 3d 610, 612, 488 N.E.2d 1349, 1351, where this court followed *Finley* and held that the award of interest in a divorce proceeding, in spite of section 2—1303, was not mandatory but was within the sound discretion of the trial court.

Here, I further believe that the trial court properly exercised its discretion in denying an award of interest on the payments that Robert agreed to pay under the supplemental judgment. The supplemental judgment directed that the additional maintenance was to be paid over a one-year period of time and that the monies to be paid as a property settlement were to be paid in three installments. In addition, there was evidence here that the parties entered into another "agreed order" as a supersedeas, pending the appeal of the validity of the supplementary judgment filed by Beverly, which contended that the supplementary judgment itself was unfair and was obtained through coercion. (This court upheld the validity of the settlement, as noted by the majority, in *In re Marriage of Morris* (1986), 147 Ill. App. 3d 380, 497 N.E.2d 1173.) Moreover, there was also evidence that Robert was, in fact, willing to pay the additional maintenance award and property settlement (although, perhaps, no formal tender was made), but that Beverly was fearful that any such payment might prejudice her then-pending appeal. In fact, Robert did make payments pursuant to the "agreed order" of the parties pending appeal. In any event, based on the record here, the trial court could well have concluded that Robert acted in good faith and had not arbitrarily with-

---

[3]I also concur with the trial court, which held that section 2—1303 was inapplicable for, as the trial court noted, both of the orders here requiring the making of additional payments had not been "reduced to judgment," that is, they were not "certain, final and self-executing" judgments for the payment of money. I find that the supplemental judgment was more in the nature of a decree, merely ordering certain types of payments to be made in the future, and thus, similar to orders typically found in a chancery proceeding, and not similar to a judgment for the payment of a fixed and certain sum of money, characteristic of a law proceeding. This difference, in my opinion, renders section 2—1303 not applicable to the supplemental judgment.

held the payments and that, therefore, interest was not appropriate. (See *In re Marriage of Bjorklund* (1980), 88 Ill. App. 3d 576, 410 N.E.2d 890.) In such circumstances, under the supreme court's ruling in *Finley*, I do not see how this court could find that the trial court abused its discretion.

Hence, I would affirm the decision of the trial court and, therefore, I dissent.