*In re* MARRIAGE OF BERNADETTE J. AHLNESS, Petitioner-Appellant, and DANIEL E. AHLNESS, Respondent-Appellee.

Fourth District   No. 4—91—0801

Opinion filed May 28, 1992.

Mark W. Rigazio, of Gomien, Root & Rigazio, of Morris, for appellant.

Sidney E. Smith, of Law Offices of Sidney E. Smith, of Pontiac, for appellee.

JUSTICE LUND delivered the opinion of the court:

In this dissolution proceeding, the trial court awarded petitioner Bernadette J. Ahlness permanent maintenance, the marital residence, other miscellaneous assets, and $70,000 payable in 10 annual installments of $7,000. The judgment provided there would be no interest on the $70,000 unless late payments occurred. Interest at the rate of 8% would become owing on late installments, and interest on the late installment would be retroactive for a period of one year prior to the time the payment was due. This obligation was secured by a court-imposed lien on a chiropractic clinic building awarded to respondent Daniel E. Ahlness. Petitioner now appeals, contending she is entitled to the statutory interest of 9%. It is uncertain whether she claims that the 8% should have been 9%, or that interest on the entire

$70,000 should accrue at the rate of 9% from the date of the court's judgment.

It is readily apparent that the trial court carefully considered the awards of property and maintenance in this dissolution action, which involved a marriage that began in June 1962. An attempt at a 50-50 division of assets was obviously being made. In providing for the $70,000 obligation, the trial judge stated, in part:

> "On the one hand, I realize that that is a large asset and she is not getting any of the benefit of it for some time. But, then, on the other hand, I am looking at this. I don't know where any different amount of cash flow could come from to pay this. If at some point Dr. Ahlness decides he wants to keep the clinic and wants to get out from underneath this, just wants to be done with it, the two of you can always negotiate for some amount to pay off the balance so she can get maybe a smaller amount earlier. But that is up to the two of you. Short of that, you have to pay $7,000 a year, starting January 1st of 1993 for ten years, or when the building is sold or transferred, then it is all accelerated and it all becomes due."

■ Section 2—1303 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303) provides in pertinent part:

> "Interest on judgment. Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time."

■ Plaintiff cites *In re Marriage of Morris* (1989), 190 Ill. App. 3d 293, 546 N.E.2d 734, as authority for her position, or positions. The judgment supplemental to the dissolution of marriage in *Morris* provided the husband was to pay the wife $125,000, without interest:

> " '(a) $50,000 on or before October 10, 1984
> 
> (b) $50,000 on or before October 10, 1985
> 
> (c) $25,000 on or before October 10, 1986.' " (*Morris*, 190 Ill. App. 3d at 295, 546 N.E.2d at 735.)

The *Morris* appellate majority applied section 2—1303 of the Code, finding that the 9% rate applies, but held:

> "[I]nterest *** accrues beginning with the date that the payments became due under the supplemental judgment. (See *Fin-*

*ley*, 81 Ill. 2d 317, 410 N.E.2d 12; *Pope v. Pope* (1954), 2 Ill. 2d 152, 117 N.E.2d 65; *Dunn v. Thompson* (1988), 174 Ill. App. 3d 944, 529 N.E.2d 297.) Interest will not attach for the period between the entry date of the supplemental judgment and the date the money judgments became due." (*Morris*, 190 Ill. App. 3d at 298, 546 N.E.2d at 737.)

Thus, *Morris* is not authority for holding that section 2—1303 of the Code requires the statutory interest to begin on the entire $70,000 at the time of the court's judgment. In *Morris*, as in the present case, payments were treated as not owing until the date provided by the court for payment. We see no reason why the specific lien attached to the clinic by the court's judgment would change this outcome.

*Morris* does stand for the proposition that once a judgment becomes collectible, the statutory rate of 9% must apply. Here, however, the 8% interest ordered by the trial court if payments are late accrues beginning one year prior to the due date of the payment. The interest-retroactive treatment is an incentive for prompt payment and, if it comes into play, will initially result in a rate of return in excess of the 9% rate which would accrue when payment became due. In light of the retroactive treatment, we find the trial court's use of 8% adequate.

This case is a good example of why part of *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12, should be given broad application. Part of *Finley* dealt with whether retroactive interest was required when awarding past-due periodic support payments. The *Finley* court commented:

> "[A] divorce proceeding partakes so much of the nature of a chancery proceeding that it must be governed to a great extent by the rules that are applicable thereto. [Citation.] In a chancery proceeding, the allowance of interest lies within the sound discretion of the trial judge and is allowed where warranted by equitable considerations and is disallowed if such an award would not comport with justice and equity. [Citations.]" (*Finley*, 81 Ill. 2d at 332, 410 N.E.2d at 19.)

*Finley* also quotes from *Groome v. Freyn Engineering Co.* (1940), 374 Ill. 113, 131, 28 N.E.2d 274, 283:

> " 'In a proper case, equitable considerations permit a court of equity to allow or disallow interest as the equities of the case may demand.' " *Finley*, 81 Ill. 2d at 332, 410 N.E.2d at 19.

An examination of the comments and written judgment by the trial court indicates careful consideration was given to the requirements of both sections 503 and 504 of the Illinois Marriage and Disso-

lution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, pars. 503, 504). The trial court, having heard the evidence, was best aware of the economic burdens which would be facing both petitioner and respondent. To have ordered payments which would jeopardize respondent's professional building could have jeopardized his career and endangered the maintenance payments provided for in the judgment. In our opinion, the property settlement issue was treated in an equitable manner and judgment of the trial court is affirmed.

Affirmed.

GREEN, P.J., and STEIGMANN, J., concur.